[Docket Nos. 15 and 17]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

ROTIMI AZU OWOH,

        Plaintiff,

v.

PHH MORTGAGE SERVICES

        Defendant.

No. 21-320 (RMB/AMD)

**OPINION**

**APPEARANCES**:

The Law Office of Rotimi Ohow
By:   Rotimi A. Owoh, Esq.
100 Overlook Drive
2nd Floor
PO Box 2439
Princeton, NJ 08540
    *Attorney for Plaintiff*

Blank Rome LLP
By:   Edward W. Chang, Esq.
       Jonathan F. Ball, Esq.
130 N. 18th St.
Philadelphia, PA 19103
    *Attorneys for Defendant*

**BUMB**, UNITED STATES DISTRICT JUDGE:

      This matter comes before the Court upon Plaintiff Rotimi Owoh's ("Plaintiff" or "Owoh") Motion to Remand [Docket No. 15] and Defendant PHH Mortgage Services' ("Defendant" or "PHH") Motion to Dismiss [Docket No. 17]. For the reasons discussed

herein, the Court will deny Plaintiff's Motion to Remand and grant Defendant's Motion to Dismiss.

I. **BACKGROUND**

This dispute concerns Plaintiff's home loan and related bankruptcy. According to the Amended Complaint, Defendant is the loan servicer for Plaintiff's residential mortgage. [Docket No. 14, at ¶ 5]. In a December 2019 billing statement, Defendant allegedly charged Plaintiff $1,400.00 in "Outstanding Unpaid Fees, Returned Item Charges and Shortages." [Id. at ¶ 7]. Plaintiff claims that, the following month, he mailed a formal notice to Defendant to dispute this additional charge. [Id. at ¶ 8]. Defendant did not remove the charge, and Plaintiff mailed additional dispute notices in February, March, April, May, June, July, September, and November. [Id. at ¶¶ 9-18]. Moreover, Plaintiff alleges that Defendant then added an additional "past due payment" of $1,323.87. [Id. at ¶ 19].

Plaintiff filed his Original Complaint in the Superior Court of New Jersey, and Defendant removed to this Court. [See Docket No. 1]. In his original Complaint, Plaintiff argued that the $1,400 charge on his account constitutes fraud, and he asserted a claim for violations of federal laws against unfair and deceptive practices. [See id.] Shortly after Defendant removed this action, Plaintiff filed an Amended Complaint. [Docket No. 14.] In that Amended Complaint, Plaintiff dropped this federal claim and instead asserted only two state law claims: violations of the New Jersey Consumer Fraud Act and Common Law Fraud. Along with his Amended Complaint, Plaintiff filed the instant Motion to Remand. In response, Defendant has requested that the Court retain supplemental jurisdiction over the case and grant its Motion to Dismiss.

## II. STANDARD OF REVIEW

### A. Jurisdiction

When a party files a complaint that includes related federal and state law claims, the Court may exercise supplemental jurisdiction over the state law claims even when it would otherwise lack subject-matter jurisdiction. 28 U.S.C. § 1367. "Once a court has decided to exercise jurisdiction over the state claim . . . elimination of the federal claim does not deprive the court of the constitutional power to adjudicate the pendent claim." New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc., 101 F.3d 1492, 1505 (3d Cir. 1996). The Court "may decline to exercise supplemental jurisdiction . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In addition, the Court "'must decline' to exercise supplemental jurisdiction in such circumstances 'unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'" Stone v. Martin, 720 F. App'x 132, 136 (3d Cir. 2017) (quoting Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000)).

### B. Failure to State a Claim

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 662. "[A]n unadorned, the defendant-unlawfully-harmed-me accusation" does not suffice to survive a motion to dismiss. Id. at 678. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

In reviewing a plaintiff's allegations, the district court "must accept as true all well-pled factual allegations as well as all reasonable inferences that can be drawn from them, and construe those allegations in the light most favorable to the plaintiff." Bistrian v. Levi, 696 F.3d 352, 358 n.1 (3d Cir. 2012). The Court may consider only the allegations in the complaint, and "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citing Chester Cnty. Intermediate Unit v. Penn. Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990)).

### III.  ANALYSIS

#### A.  Supplemental Jurisdiction

In his original Complaint, Plaintiff asserted a federal claim, for which this Court had original jurisdiction, as well as state law claims. The Court then exercised supplemental jurisdiction over Plaintiff's state law claims, per 28 U.S.C. § 1367 (a), when Defendant removed this action. So, under New Rock Asset Partners, L.P., 101 F.3d at 1505, Plaintiff's filing of an Amended Complaint that dropped his federal claim does not deprive this Court of jurisdiction over his state claims. Thus, the Court may retain jurisdiction over this matter for the best interests of judicial economy, convenience, and fairness to the parties.

Here, the Court will continue to exercise supplemental jurisdiction over this matter. The Court is very familiar with this case and has already expended the judicial resources to review the pleadings and hold a pre-motion conference. Moreover, the Court finds no

reason to suggest that exercising supplemental jurisdiction will inconvenience or prejudice the parties. Accordingly, Plaintiff's Motion for Remand is denied.

### B. Motion to Dismiss

In its Motion to Dismiss [Docket No. 17], Defendant argues that Plaintiff has failed to satisfy the Federal Rule of Civil Procedure 9(b) pleading requirements for his fraud claim and that Plaintiff has otherwise failed to state a claim. In response, Plaintiff contends that Defendant is misrepresenting his bankruptcy proceedings.

As a preliminary matter, the Court notes that Plaintiff's claims arise, in large part, from his 2019 Chapter 13 Bankruptcy Petition in the U.S. Bankruptcy Court for the District of New Jersey [See Docket No. 17-2.] Documents filed in this bankruptcy are integral to Plaintiff's claims. Accordingly, the Court will consider these documents in resolving Defendant's Motion to Dismiss. See In re Rockefeller Ctr. Props., Inc. Sec. Litig., 184 F.3d 280, 287 (3d Cir. 1999).

To state a claim under the New Jersey Consumer Fraud Act, a private party must plead three elements: "(1) unlawful conduct by defendant; (2) an ascertainable loss by plaintiff; and (3) a causal relationship between the unlawful conduct and the ascertainable loss." Shelton v. Restaurant.com Inc., 543 F. App'x 168, 170 (3d Cir. 2013) (quoting Bosland v. Warnock Dodge, Inc., 197 N.J. 543, 557 (2009)). An "ascertainable loss" is a loss that is "quantifiable or measurable," but "need not yet have been experienced as an out-of-pocket loss to the plaintiff." Thiedemann v. Mercedes-Benz USA, LLC, 183 N.J. 234, 248 (2005). Similarly, a claim for common law fraud has five elements: (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable

reliance thereon by the other person; and (5) resulting damages. Gennari v. Weichert Co. Realtors, 148 N.J. 582, 610 (1997).

In addition, Federal Rule of Civil Procedure 9(b) imposes on plaintiffs a heightened pleading requirement for allegations of fraud. Indeed, Rule 9(b) requires that, "in all averments of fraud or mistake, the circumstances constituting the fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Stated differently, a plaintiff must "state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the precise misconduct with which it is charged." Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007). Rule 9(b)'s requirements apply to claims under the New Jersey Consumer Fraud Act as well. See Smajlaj v. Campbell Soup Co., 782 F. Supp. 2d 84, 98 (D.N.J. 2011) (citing F.D.I.C. v. Bathgate, 27 F.3d 850, 876–77 (3d Cir.1994)).

Here, Plaintiff has failed to state a claim under the Consumer Fraud Act or for common law fraud. Plaintiff has not alleged that Defendant's inclusion of a $1,400 charge on his mortgage bill was "unlawful conduct," or was otherwise fraudulent. Instead, the integral exhibits in this matter reveal that the $1,400 charge is a collection of post-petition fees that Defendant incurred during Plaintiff's Bankruptcy. Plaintiff seemingly agrees, at least in part, that the $1,400 charge was related to his bankruptcy. But he argues a January 16, 2020, Bankruptcy Order extinguished any duty to pay the $1,400 charge. [See Docket No. 22, at 4]. This is incorrect. The Bankruptcy Court's January 16 Order does not address nor extinguish the $1,400 in fees whatsoever. Although the Court takes no position on whether the $1,400 charge was later extinguished, Plaintiff has not sufficiently alleged that any Bankruptcy Court Order extinguished this debt.

Furthermore, Plaintiff has not satisfied the Rule 9(b) pleading standards for either his Consumer Fraud Act or his Common Law Fraud claims. Plaintiff's sole allegation purporting to establish fraud is that he disputed the charge and Defendant did not remove the charge from subsequent bills. This is insufficient. As noted above, Plaintiff's entire argument relies on his misinterpretation of a Bankruptcy Court Order and he has made no further allegations purporting to establish fraud. Taken together, Plaintiff has failed to sufficiently allege his two claims.

### IV.  CONCLUSION

Thus, for the foregoing reasons, Plaintiff's Motion is DENIED, and Defendant's Motion is GRANTED. An appropriate Order accompanies this Opinion.


Dated: August 4, 2021                           s/Renée Marie Bumb
                                                RENÉE MARIE BUMB
                                                United States District Judge